United States District Court
Southern District of Texas
**ENTERED**
July 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Ana Maryen Monyoma-Torres, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2970 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Ana Maryen Monyoma-Torres is a native and citizen of Colombia who concedes that she unlawfully entered the United States in 2022. Docs. 11 at 1, 12 at 2. On February 15, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Docs. 9 at 1, 11 at 2, 12 at 3. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) equal protection.

Now before the Court is Respondent's Motion for Summary Judgment. Doc. 11. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 11; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

The Court has previously resolved the precise challenges raised by Petitioner, determining that the United States may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239 (S.D. Tex. June 23, 2026). This Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at 7, 10 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[1]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the First Amended Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 2nd of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

---

[1] To the extent Petitioner argues that her present detention constitutes "arbitrary and capricious" government action violative of the Due Process Clause, *see* Doc. 5 at 11–13, the Court also considered and rejected this argument, *id.* at 10 n.4.